**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BETTY J. SCHARA, as Special Administrator of the Estate of RAYMOND R. SCHARA, Deceased, and as Heir-at-law,<br><br>*Plaintiff*,<br><br>vs.<br><br>PLEASANT VALLEY NURSING, LLC as owner of PLEASANT VALLEY MANOR, LLC and/or PLEASANT VALLEY MANOR, and JAMES M. McDERMOTT, D.O.,<br><br>*Defendants*. | Case No. 07-1165-EFM |

**MEMORANDUM AND ORDER**

Plaintiff Betty Schara brings this wrongful death claim against Pleasant Valley Nursing, LLC ("Pleasant Valley") and Dr. McDermott. The Court's jurisdiction is invoked solely on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiff Betty Schara is a resident of Oklahoma, Defendant Pleasant Valley is a resident of Delaware, and Defendant McDermott is a resident of Kansas.

Plaintiff Betty Schara, however, is also bringing a survival claim on behalf of her husband's estate. Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." Accordingly, there is not

-1-

complete diversity of the parties as Plaintiff Schara, as Estate Administrator, is considered a resident of the state of Kansas and Defendant McDermott is a Kansas resident.

The Pretrial Order notes that subject matter jurisdiction is disputed.[1]  Prior to the pretrial conference, and apparently in anticipation of such dispute, Plaintiffs filed their Memorandum in Support of Jurisdictional Finding, arguing that the Court could exercise supplemental jurisdiction over the survival claims pursuant to 28 U.S.C. § 1367.  Following the pretrial conference, but before the Pretrial Order was filed, both defendants filed responses to such motion, opposing supplemental jurisdiction.  However, no motion to dismiss the survival claims was ever filed.  At the Court's pretrial limine conference held on September 8, 2009, the Court inquired about the motionless briefing, and defendants informed the Court that they would file a motion to dismiss the survival claims on subject matter jurisdiction, although the Court noted at the time that they appeared quite ambivalent about the issue.  Today, on the very eve of trial, defendants have informed the Court that they will not file such a motion.  In light of the dispute noted in the Pretrial Order, and of the briefs filed in this case, and in recognition that the issue of subject matter jurisdiction can be raised at any time, the Court issues this order summarizing its conclusions on the matter.

28 U.S.C. § 1367(a) provides:

> Except as provided in subsection (b) and (c) or as expressly provided otherwise by federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

---

[1] Doc. 85, p. 2.

Case 6:07-cv-01165-EFM   Document 132   Filed 09/14/09   Page 3 of 5

Here, both the wrongful death claim and the survival claim arise out of the care and treatment Plaintiff's husband received prior to his death and while under the care of Defendants. Both claims allege the care and treatment received by Plaintiff's husband was below the accepted standard of care, and both claims are against both of the Defendants. The claims involve the same factual issues, and the claims differ only in the type of damages which may be recovered. As such, it appears that both claims form part of the same case or controversy to fall within subsection (a) as a claim in which the Court may exercise supplemental jurisdiction.

Subsection (a), however, is limited by subsection (b) and (c).

28 U.S.C. § 1367(b) states:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

In this case, the Court's original jurisdiction is based solely on diversity of the parties making subsection (b) applicable. Subsection (b) prohibits supplemental jurisdiction over plaintiff's claims against persons made parties by Rule 14, 19, 20, or 24. Defendants were not made parties under these rules. As such, the limitation is not applicable.

In addition, subsection (b) prohibits supplemental jurisdiction over claims by persons proposed as plaintiffs under Rule 19 or 24. It also is not applicable in this case as Plaintiffs joined the wrongful death action as a permissive Plaintiff under Rule 20. Accordingly, subsection (b) does not preclude the exercise of supplemental jurisdiction in this case.

28 U.S.C. § 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claims raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Subsection (c) allows the court to exercise its discretion to decline supplemental jurisdiction in certain situations. The Court does not find that any of the above circumstances exist in this case. This case does not raise novel or complex issues of Kansas law; the survival action does not substantially predominate over the wrongful death claim as the facts underlying both claims are virtually identical; the wrongful death claim that gives rise to this Court's original jurisdiction remains; and there are no compelling reasons for declining jurisdiction. This is particularly true because if the Court were to decline to exercise supplemental jurisdiction over the survival claim, Plaintiff would likely file the action in state court resulting in a duplicitous proceeding in state court over the same issue that has been litigated in federal court for the past two years and on the eve of trial.[2]

Therefore, the Court concludes that it is appropriate to exercise supplemental jurisdiction over the survival claim in this case.

---

[2] While Defendant contends that judicial economy will not be served because proof of damages requires the presentation of different evidence, the Court finds this insufficient to require two separate trials, one in federal court and one in state court.

**IT IS SO ORDERED.**

Dated this 14th day of September, 2009, in Wichita, Kansas.

　　　　　　　　　　　　　　　　　　　　　/s Eric F. Melgren
　　　　　　　　　　　　　　　　　　　　　ERIC F. MELGREN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE